IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2004

## JAMES E. TAYLOR, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 755-2002     Jane Wheatcraft, Judge**

_____

**No. M2003-01923-CCA-R3-CD - Filed February 4, 2004**

_____

The Defendant, James E. Taylor, petitioned for post-conviction relief from his convictions of aggravated assault, aggravated burglary, and aggravated kidnapping. He alleged that he received ineffective assistance of counsel. After a hearing, the trial court denied relief, and the Defendant now appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Roger Swindle, Hendersonville, Tennessee, for the appellant, James E. Taylor, Jr.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Byrna Grant, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Upon his jury trial, the Defendant was convicted of one count of aggravated assault, one count of aggravated burglary, and one count of aggravated kidnapping. These offenses were committed during the Defendant's attack on his estranged wife. He received an effective sentence of seventeen years of incarceration for these offenses. His convictions and sentences were affirmed on direct appeal. See State v. James Elbert Taylor, Jr., No. M2000-01802-CCA-R3-CD, 2001 WL 1028814 (Tenn. Crim. App., Nashville, Sept. 7, 2001). The Defendant subsequently filed for post-conviction relief, which the trial court denied after a hearing. The Defendant now appeals, contending that the trial court erred in failing to find that he suffered from ineffective assistance of counsel at trial. Specifically, the Defendant contends in this appeal that "his trial counsel's failure to make an offer of proof as to the victim's conduct as to former boyfriends and the failure to properly advise the Defendant as to his right to testify in his own defense created a deficiency in representation" that accrued to the Defendant's prejudice.

At the hearing on his petition, counsel for the Defendant called attorney Randy Lucas, who represented the Defendant at trial. The Defendant's post-conviction counsel asked Mr. Lucas about "getting in testimony about the victim's conduct in bringing charges against former companions." Mr. Lucas explained that the Defendant had given him the first name of one of the victim's former companions, who was located in Missouri. The Defendant gave him no other information, and the victim refused to speak with him. During cross-examination of the victim, Mr. Lucas attempted to question the victim regarding her past conduct with ex-boyfriends. However, the State objected and, after a "fairly lengthy sidebar," the trial court sustained the State's objection. The Defendant now contends that Mr. Lucas should have made an offer of proof and should have more aggressively pursued this line of questioning under Tennessee Rules of Evidence 404 and 405.

With respect to Mr. Lucas' discussions with the Defendant regarding the Defendant's right to testify, Mr. Lucas testified that he and the Defendant discussed that issue "extensively on several separate occasions." Mr. Lucas stated that the Defendant was "fully informed" about the ramifications of testifying or not, and that he had "no doubt" that the Defendant was adequately prepared in order to make the decision about testifying.

The Defendant also testified at the post-conviction hearing. He contended that he "didn't know how important it would be . . . to get on the stand to speak on [his own] behalf. If [he] knew the outcome was going to be like it was, [he] would have got on the stand . . . ." With respect to the trial court's having ruled that he would be subject to impeachment on the basis of a prior conviction, the Defendant stated that he understood that "[i]n some ways," but not in others. With respect to the trial court's evidentiary rulings, the Defendant testified that Mr. Lucas "let go a little too soon."

The trial court denied the Defendant's petition, finding that he "was very well represented by Mr. Lucas."

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462; Hellard v. State, 629 S.W.2d 4, 8 (Tenn. 1982). The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard, 629 S.W.2d at 9, and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made. See Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law-- such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

In this case, we agree with the trial court that the Defendant failed to carry his burden of proving that his trial lawyer was either deficient in his performance, or that any deficiency accrued to the Defendant's prejudice. With respect to the Defendant's contention that Mr. Lucas failed to adequately explore the victim's past, there is nothing in the record before us to demonstrate what that past consists of, and how it would have helped the Defendant had it been successfully brought out at trial. Accordingly, the Defendant has failed to establish any prejudice with respect to Mr. Lucas' alleged deficiency on this particular matter. With respect to the Defendant's contention that Mr. Lucas did not adequately inform him concerning his right to testify, the trial court made an implied finding that Mr. Lucas' credibility overcame the Defendant's on this issue. There is nothing in the record to convince us that the trial court erred in making this particular finding of fact. In short, the Defendant's contentions are without merit.

The Defendant having failed to establish that he suffered from the ineffective assistance of counsel at trial, we affirm the judgment of the trial court dismissing his petition for post-conviction relief.

_____
DAVID H. WELLES, JUDGE

-3-